UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MANUEL DE JESUS SABILLON MUNOZ, | Case No. 2:26-cv-1254-TMC |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| MARKWAYNE MULLIN, et al., | |
| Respondents. | |

## I.   INTRODUCTION AND BACKGROUND

Petitioner Manuel De Jesus Sabillon Munoz, a 36-year-old citizen of Honduras, entered the United States without inspection in July 2022. Dkt. 1 ¶ 1, 3; Dkt. 7-1 at 2, 5; Dkt. 6 ¶ 4–5. On March 7, 2026, the Burien Police Department arrested Petitioner for Driving Under the Influence ("DUI"); the case is pending. Dkt. 6 ¶ 5.  On April 5, 2026, Immigration and Customs Enforcement ("ICE") officers apprehended Petitioner during a targeted enforcement operation in Burien, took him into custody, and transferred him to the Northwest ICE Processing Center in Tacoma, Washington, where he is now detained. *Id*. ¶¶ 6–7. That same day, ICE initiated removal proceedings. *Id*. ¶ 8. Other than the DUI charge, Petitioner has no criminal history. Dkt. 7-1 at 4. Petitioner has not yet had a bond hearing before an immigration judge ("IJ"). Dkt. 1 ¶ 29.

On April 13, 2026, Petitioner filed this petition for writ of habeas corpus, primarily on the ground that his detention violates the Due Process Clause of the Fifth Amendment. Dkt. 1 ¶ 1. On April 28, the Federal Respondents filed a return to the habeas petition arguing that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b). Dkt. 5 at 2. On May 4, Petitioner filed his traverse. Dkt. 8. The habeas petition is now ready for review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

Although Petitioner does not rely primarily on the Court's decision in *Rodriguez Vazquez*, this matter falls squarely within its parameters. Without specifically referring to the three prongs of *Rodriguez Vazquez*, Petitioner challenges the validity of his current detention under 8 U.S.C. § 1225(b), *see* Dkt. 1 ¶¶ 7, 32, and states facts that demonstrate his membership in the *Rodriguez Vazquez* class. It is undisputed that at some point in 2022, Petitioner entered the United States without inspection, was not apprehended upon arrival, and is not subject to detention under any of the disqualifying provisions set forth in *Rodriguez Vazquez*. *See* Dkt. 1 ¶ 1; Dkt. 7-1 at 5; Dkt. 6 ¶¶ 4, 7. Federal Respondents do not dispute that Petitioner is a member of the Bond Denial Class for purposes of this matter, although they continue to disagree with the Court's order in *Rodriguez Vazquez*. Dkt. 5 at 3–4.

Moreover, under the doctrine of constitutional avoidance, the Court need not consider whether Petitioner's detention violates Due Process. The Court determined that similarly situated petitioners in *Rodriguez Vazquez* were entitled to a bond hearing, holding that the INA does not require mandatory detention of noncitizens who meet the three prongs set forth in the definition of class membership. *See* 802 F. Supp. 3d at 1336. Thus, the construction of the INA adopted in *Rodriguez Vazquez* is sufficient to entitle Petitioner to a bond hearing. *See Green v. Miss United States of America, LLC*, 52 F.4th 773, 795 (9th Cir. 2022) (although not required, under the "long tradition of constitutional avoidance," courts typically "should resolve a case, when possible, on statutory grounds before reaching any constitutional question").

In his traverse, Petitioner acknowledges that the concession by Respondents that Petitioner is a member of the Bond Denial Class is "dispositive of the practical relief requested here." Dkt. 8 at 2. To the extent that Petitioner raises additional arguments in the traverse regarding the burden and standard of proof that should apply in any future bond hearing under § 1226(a), *see* Dkt. 8 at 9–12, the Court need not reach these prospective claims as they are

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

premature. If the bond hearing does not comport with the law, or if the IJ abuses their discretion when applying the law, Petitioner may seek relief from that violation in a subsequent habeas petition. *See, e.g., Marta Escalante Perez v. Julio Hernandez, et al.*, 2:26-cv-00956-TSZ, 2026 WL 1004559 (W.D. Wash., April 14, 2026); *see also Martinez v. Clark*, 124 F.4th 775, 781–84 (9th Cir. 2024) (determination whether noncitizen presents a danger to the community or risk of flight is reviewable in habeas as a mixed question of fact and law).

Petitioner has thus shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3). Accordingly, the Court GRANTS the habeas petition.

## IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2.    Within fourteen days of receiving Petitioner Manuel De Jesus Sabillon Munoz's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

3.    If Petitioner is released, Respondents must return to him any personal property, including any personal identification document (other than a passport) and any employment authorization document.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 12th day of May, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4